## John Sullivan et Ux., Plffs. in Err., *v.* Pennsylvania Company, Operating the Pittsburg, Fort Wayne, & Chicago Railway.

In an action against a railway company for causing the death of plaintiff's son by its negligence, when the evidence only showed that deceased attempted to cross the railroad track, at a street crossing immediately behind an engine which, after moving ahead about ten feet, reversed and went back over the same crossing in obedience to a signal, and struck deceased while going across,—*Held*, that there was no evidence of negligence on the part of the company and a nonsuit was proper.

(Argued November 11, 1886. Filed November 15, 1886.)

October Term, 1886, No. 224, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to Com-

Cited in Knox v. Philadelphia, X. & R. R. Co. 17 Montg. Co. L. Rep. 178.

NOTE.—For when a compulsory nonsuit should be entered, see note to Reinhart v. South Easton, 2 Sad. Rep. 90.

mon Pleas No. 2 of Allegheny County to review a judgment of compulsory nonsuit in an action of case to recover damages for alleged negligence causing the death of plaintiff's minor son. Affirmed.

The deceased, Edward Sullivan, was killed by being struck and run over by a switch engine at the crossing at Washington avenue in the city of Allegheny. He was at that time in company with two other persons. These persons were not called as witnesses at the trial, but plaintiff relied upon testimony of the witnesses, John Toomey and S. H. Kidd. The testimony of Toomey was substantially as follows:

He was employed that night about the electric lights in the outer depot, and passed over the crossing at Washington avenue about the time of the killing of Sullivan. As he passed westward over the crossing he saw the locomotive standing at and below the pavement, the tender being up close to it. He passed down and around the locomotive and to an electric pole below the crossing, upon which he worked for some minutes, the engine all the time remaining without moving or giving signals. As he came down the pole he heard the watchman cry, "stand back," and as he went around the locomotive, eastward, between the north track and the one south of it, he came on the crossing, and was passing the rear end of the tender, next the end of the pavement, when he saw Edward Sullivan, the deceased, standing on the pavement at the crossing, and close to the rear end of the tender. He and the deceased exchanged words of recognition, as he passed eastward up into the yard, to the next electric pole, and as he was climbing upon it, he saw in the darkness below on the crossing, about the place where he saw the tender and Sullivan, a commotion, and a number of lanterns, but did not know at that time that Sullivan was killed.

Kidd testified substantially as follows: Witness was the fireman on the locomotive, and agrees with Toomey as to the position of the locomotive and tender, at the time that Toomey describes. He did not see deceased until about the time the tender backed over the crossing, and hit him. He says that as the tender had been backed up on the crossing as described, the engineer got a signal to move ahead westward, and away from the crossing, and that he started to go in that direction, but when the engine had moved about ten feet away, and west of the cross-

ing, another signal—a lantern—ordered him to reverse and go back eastward over the crossing, and that he reversed at once, and backed up on the crossing, and hit deceased, and ran over him on the track in front of the end of the pavement, where Toomey saw him standing.

The engine carried a headlight at each end and the bell was being rung by Kidd at the time of the accident.

The court below on motion of defendant directed a compulsory nonsuit. Plaintiffs duly moved the court to take off the same, which motion was refused, and plaintiffs took this writ, assigning as error the action of the court in entering the judgment of compulsory nonsuit and refusing to take off the same.

*A. M. Watson* for plaintiffs in error.

*Hampton & Dalzell* for defendant in error.

PER CURIAM:

There was no direct evidence of negligence in this case, and it was certainly asking too much to require the court to permit the jury to infer negligence on the part of the railroad company, rather than on part of the deceased.

The judgment is affirmed.